**STATE OF WEST VIRGINIA**

**FILED**
**August 13, 2014**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**JOHN P. BLANKENSHIP,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0444** (BOR Appeal No. 2047862)
                     (Claim No. 2006006269)

**SCHNEIDER CONSTRUCTION COMPANY,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner John P. Blankenship, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Schneider Construction Company, by Marion E. Ray, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 3, 2013, in which the Board affirmed an October 26, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 7, 2012, decision denying Mr. Blankenship's request for additional psychological treatment every two weeks for six months. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Blankenship worked for Schneider Construction Company as a cement mason. On August 11, 2005, Mr. Blankenship fell down a flight of stairs, which caused severe injuries to his head, neck, and upper back. Mr. Blankenship also developed several psychological conditions as a result of the compensable injury, including affective disorder due to his brain injury and a cognitive disorder. Mr. Blankenship came under the care of a psychologist, C. David Blair, M.D., and was authorized to receive several psychotherapy counselling sessions. Following a course of treatment, Ralph S. Smith Jr., M.D., performed an independent medical evaluation on Mr. Blankenship and found that he had reached his maximum degree of medical improvement

with respect to his psychological conditions. Dr. Smith noted that Mr. Blankenship's remote memories, concentration, and attention were all adequate. Dr. Smith also issued a second report, finding that Mr. Blankenship's current psychotherapy treatment should not be discontinued. However, Dr. Smith recommended that no further psychiatric treatment be authorized because Mr. Blankenship's condition had plateaued. Dr. Blair then requested authorization for one psychotherapy session every two weeks for a six month period. Dr. Blair's request was submitted to Randall Short, D.O., who recommended denying the requested authorization because Mr. Blankenship had already received a significant number of psychotherapy sessions and his condition had stabilized. Mr. Blankenship then testified by deposition that the prior psychotherapy sessions had helped him a great deal. Mr. Blankenship also stated that his depression had gotten worse since the therapy sessions had stopped. Dr. Blair also testified by deposition that the requested psychotherapy sessions were directly related to Mr. Blankenship's ongoing anxiety, depression, and cognitive disorder. On June 7, 2012, the claims administrator denied Dr. Blair's request for additional psychotherapy treatment. On October 26, 2012, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on April 3, 2013, leading Mr. Blankenship to appeal.

The Office of Judges concluded that the evidence did not establish the medical necessity and reasonableness of the requested additional psychotherapy sessions. The Office of Judges based this determination on the evaluation of Dr. Smith. The Office of Judges found that Mr. Blankenship had reached his maximum degree of medical improvement with respect to his psychological conditions. The Office of Judges considered the opinion of Dr. Blair, but it found that Dr. Smith's opinion was more persuasive. The Office of Judges also considered Mr. Blankenship's deposition testimony, but it found that his opinion concerning Mr. Blankenship's deteriorating condition was not supported by any medical documentation. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Blankenship has not demonstrated that the requested psychotherapy sessions every two weeks for a period of six months is medically related and reasonably required to treat his compensable psychological conditions. The evaluation of Dr. Smith demonstrates that Mr. Blankenship had reached his maximum degree of medical improvement with respect to his psychological conditions and is not likely to improve with additional treatment. Dr. Blair's treatment notes indicate that Mr. Blankenship is still experiencing anxiety and depression, which Dr. Blair attributes to the compensable injury. Dr. Blair, however, does not sufficiently demonstrate that the requested psychotherapy sessions will improve or prevent deterioration in Mr. Blankenship's psychological conditions.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   August 13, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman